*T. Bigelow* for the plaintiffs.

*S. Dana* for the defendant.

———————

[ * **234** ]

* DAVID FOSTER *versus* MOSES ABBOTT, Administrator *de bonis non*, *cum testamento annexo*, of PHILEMON CHANDLER.

Quære, whether an administrator can, under the general issue, give in evidence the insolvency of the estate of his intestate. The Court will not grant a continuance to an administrator, defendant, who has been grossly negligent in bringing his administration-account to a close.

THIS was an action of *assumpsit* for the use and occupation of certain real estate of the plaintiff's wife, by the testator, *Philemon Chandler*, in his lifetime.

The defendant pleaded the general issue, which was joined ; and *Ward*, for the defendant, stated the defence to be, that the estate of the deceased was insolvent ; that the claim for which the present action was brought had been exhibited to the commissioners of insolvency, and by them rejected ; and that the plaintiff had not, within twenty days after the report of the commissioners, given notice at the probate office, and brought his action in due time. To show that the defence stated might be given in evidence under the general issue, he read the *9th section of the act of March* 10, 1784, (*stat.* 1783, *c.* 38,) which provides " that executors and administra

tors shall not be compelled to plead specially to any *action* or *suit* at law, brought against them in their said capacity, but may, under the general issue, give any special matter in evidence."

The CHIEF JUSTICE, and SEWALL, J., inclined to think that the statute did not authorize the facts stated in defence to be given in evidence under the general issue ; that the *act* extended to such facts only as went to the *merits* of the action, but not to statute bars, and instanced the statute of limitations, which must always be pleaded, and is never permitted to be given in evidence under the general issue.

SEDGWICK, J., doubted whether the *words* of the statute were not too strong to be got over, though he thought it would be extremely inconvenient in practice to admit *such* matters to be given in evidence under the general issue.

[ * 235 ]    * On looking into the records of the probate office, it appeared that, although there had been a *representation* of insolvency, and a report of the commissioners made on the claims, yet that there had not been any *decree* of insolvency, but the question was still pending in the Probate Court.   Upon which the Court said that this evidence would prove nothing more than a *temporary* bar, which the jury could not *find* under the general issue.   It might operate as a *suspension* of the right of action, and be a reason for a continuance, but that it was impossible it should be a complete and perpetual bar, unless the estate was actually insolvent.

*Ward* then moved for a continuance, so that if the estate should ultimately prove to be insolvent, the defendant might plead it in bar.

*T. Bigelow,* for the plaintiff, opposed the motion.   It appeared, he said, that the report of the commissioners was made in October, 1801.   The present action was commenced August 18, 1802, *ten* months after the report made, and, by the act of June 20, 1794, (*stat.* 1794, *c.* 5, § 1,) it is provided that, if an executor or administrator neglect to exhibit and settle his account of administration with the judge, where the estate has been represented insolvent, and commissioners have reported, within *six* months after such report, or within such further time as the judge shall think proper to allow, &c., any creditor may commence his action, and the Court shall proceed to hear and determine the same, and give judgment, notwithstanding the provisions of the act of June 15, 1784, (*stat.* 1784, *c.* 2, § 1,) respecting the distribution of insolvent estates.   In the case now before the Court, *more than six months* had elapsed from the time the report was made.   In fact, *ten* months had run, before the plaintiff commenced his action.   The judge had not given further time to the administrator to settle; and, therefore, when

*Ward*, in reply. On the 10th of March, 1803, the judge allowed the administrator six months' further time to settle his account of administration. This he afterwards extended to six months from the 10th of September in the same year, and afterwards to seven months from the 1st day of April last. As to the act of June 20, 1794, cited by the counsel for the plaintiff, and upon which he relies as authorizing the present action, *that* act has not taken away the necessity of giving twenty days' notice, required by the act to which it is in addition, as is obvious from the terms in which the provisions of it are expressed. But admitting that it has, the defendant ought not now to be holden to go on to trial, as the judge of probate, the legal and proper *judge* on this subject, has seen sufficient reason to allow the administrator further time to settle his account, and this under the authority which is vested in the judge by the statute.

The Court refused to continue the action. They said that, when the present action was commenced, the plaintiff had clearly a right to commence it; that the administrator had been guilty of gross neglect, more than three years having elapsed since the report of the commissioners; that it appeared, by the records of the Probate Court, that the amount of the claims allowed against the estate was not one half of the amount of the value of the estate inventoried. There is no evidence that the inventory is incorrect, or that there are any demands existing against the estate which were not exhibited to the commissioners, and therefore no evidence that injustice will be done by proceeding in the present action. The time of suspension allowed by the judge of probate, expired the first day of the present month, six days previous to the commencement * of the term, and therefore there is no reason for [ * **237** ] a continuance.

The counsel for the defendant consented that a verdict should be taken for the sum demanded. (1)

